Reese, J.
delivered the opinion of the court.
The ancestor of the complainants, in June, 1822, conveyed the tract of land in the bill mentioned to John G. Sims, in trust, to secure the payment of a debt of $2021, to Walter B. Sims, and John S. Green. The persons last named, on the 4th November, 1824, in a deed, reciting their equitable interest as above stated, conveyed the same tract to John G. Sims, administrator of the will annexed of Walter Sims, deceased, in trust, to secure the payment of a certain bond given by them to the testator, and the interest in which was bequeathed by him to his widow and relict. In 1831, the last named person filed her bill against Walter B. Sims, John S. Green, William P. Sims, and the heirs of John G. Sims, then dead, for a foreclosure of the last named mortgage, and in 1834 obtained a decree of foreclosure and sale, and the land was sold to William P. Sims for the sum of $11 00, which sale was confirmed. The complainants, the heirs of David Sims, were not made parties to the suit; and they have filed this bill against all the above named parties, to redeem the land conveyed by their ancestor.
By the deed of June, 1822, the defendants insist, that in November, 1822, David Sims relinquished his equity of redemption to Walter B. Sims, and John S. Green. They exhibit with their answers what purports to be a registry copy of said deed; but the probate upon which the registration took place, *371 not being conformable to the requirements of the statutes, that copy is no proof whatever of the existence of any original.
The testimony of Walter B. Sims was taken on behalf of the defendants. He fully testifies to the existence, contents and character, and to the loss, of such original deed. After this, complainants filed a supplimental bill, in which they charge, that the deed of which the paper exhibited with the answer, purports to be a copy, never was executed by their ancestor; that_if signed by him, the same was never delivered by him; that no additional consideration was given to him beyond the debt in the deed of trust mentioned; that there may be internal evidence on the face of the paper, if produced, to satisfy the court, that it is not genuine, dr at least to demonstrate its true character, and for these reasons they pray that it may be produced; they suspecting that said paper was really in the possession or power of the defendants.
Various interrogatories are propounded to the defendants, touching conversations with them, and representations by them as to said paper, and as to the loss of said paper, &c., but no interrogatory is propounded to them as to the genuineness, contents, character or validity of said paper.
The complainants are entitled to the redemption of the land as prayed for in their bill, unless the existence, character and validity of the deed of November, 1822, relinquishing the equity of redemption have been legally established by competent and sufficient testimony, or unless such testimony be dispensed with, by means of the technical effect to be given to the statement of the bill filed as a supplement, as to the said deed, and the response of the answer of Walter B. Sims.
As to the first point, the existence- and legal validity of the deed, there is no testimony whatever, but that found in the deposition of Walter B. Sims. Without enquiring into his competency as affected by his attitude in the suit, by his alledged pecuniary interest in the event, or by his being the bargainee in the alledged conveyance, we deem it sufficient to state, that his testimony makes out that the original instrument had attesting witnesses, and that it is not shown that those witnesses are dead, or that for other adequate reasons their proof cannot *372 be produced. Under such circumstances their testimony to the execution of the instrument being primary evidence, cannot be dispensed with by the substitution of the secondary evidence in the record.
Before the secondary evidence is admissible, it must appear that that which' is primary is not procurable. See Greanleaf’s Evidence, p. 94, 604, 1 and 2 edition.
2. The statement in the supplemental bill, in substance is, that no genuine and valid deed, legally executed, conveying or relinquishing the equity of redemption, ever, in fact, existed.
The answer is, that such a deed, did in fact have an existence, and had been lost. Does this state of the pleadings, by operation of any technical rule, exempt the defendants from the necessity and obligation of proving, affirmatively, the existence and validity of the instrument, and devolve upon the complainants the duty of proving the negative fact, so to speak, of its non-existence? Most assuredly not. There are cases in which, from the object and tenor of the allegations of the bill, and the character of the interrogatories propounded to a defendant, the complainant intends to make, and does make the defendant a witness in the cause; a witness too, whose testimony must stand as true, unless controverted by the proof of two witnesses, or of one witness, supported by corroborating circumstances. But the present is not such a case; nothing would be more absurd, than to hold it so to be. See upon the subject of this rule in Equity the case of Jones and Perry, 10 Yerg. Rep., p. 85.
Upon the whole, then, we affirm the decree of the Chancellor.